People v Vasquez (2024 NY Slip Op 24269)

[*1]

People v Vasquez (Wilmin)

2024 NY Slip Op 24269

Decided on October 18, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on October 18, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

571192/18

The People of the State of New York, Respondent,
against
Wilmin Jhonatan Jimenez Vasquez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (David Frey, J., at suppression hearing; Althea E. M. Drysdale, J., at trial and sentencing), rendered October 17, 2018, after a jury trial, convicting him of driving while intoxicated per se and driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (David Frey, J., at suppression hearing; Althea E. M. Drysdale, J., at trial and sentencing), rendered October 17, 2018, reversed, on the law and the facts, motion to suppress granted and the accusatory instrument dismissed.
The court should have granted defendant's suppression motion. The suppression court's finding that the police had probable cause to stop defendant's vehicle based on their observation of defendant committing two traffic infractions and driving erratically is unsupported by the record. The police officer did not testify that any traffic infraction or erratic driving was the basis for stopping defendant's vehicle (see People v Knupp, 159 AD3d 510, 511 [2018], lvs denied 31 NY3d 1118 [2018]).
Nor was the stop of defendant's vehicle justified by the community caretaking doctrine. The police testimony did not establish specific, objective, and articulable facts that would lead a reasonable officer to conclude that defendant was in distress (People v Brown, — NY3d &mdash, 2024 NY Slip Op 02765, *3 [2024]). The sole basis for the officer's belief that an occupant of the vehicle might need aid was his observation of the vehicle stopping for a few minutes at two stop signs. The officer did not testify that he saw or heard anything else that indicated someone was in distress or suggested a safety or equipment problem.
In any event, even assuming that the officer had a reasonable belief that someone in the vehicle was in distress, the police intrusion in this matter was not narrowly tailored to address the perceived need for assistance (see People v Serrano, 229 AD3d 642, 645 [2024]). Upon stopping the vehicle, the officer went to the driver's side and asked defendant to put his window [*2]down and produce identification; the officer also asked defendant if he was "okay." Defendant, who did not appear to be in distress and did not respond, looked to the front seat passenger, who told the officer that defendant was fine but that he "did not speak much English." The officer never asked defendant if he or the passengers wanted medical attention. Since defendant did not appear to be in distress, the People have not demonstrated that the continued questioning of the defendant was an intrusion "commensurate with [any] perceived need for assistance" (People v Brown, — NY3d &mdash, 2024 NY Slip Op 02765, *5 [internal quotation marks omitted]; see People v Serrano, 229 AD3d at 645).
Accordingly, since the People did not meet their burden of demonstrating that the stop of defendant's vehicle was lawful or prove the legality of the police conduct, any statements that defendant made to law enforcement officials after the initial inquiry, as well as the results of the chemical breath test, must be suppressed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 18, 2024